THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* DAVID GAURILEWICH and JACOB HOROWITZ, Defendants.

(County Court, Kings County, January, 1912.)

Undertakings — Liability on undertakings — Action on bond — Prerequisite to action.
Judgment — Amendment and correction in same court — Parties.

An action upon a forfeited undertaking given under section 687 of the Greater New York charter for defendant's appearance upon a charge of being a disorderly person in having abandoned his

wife and failed to support his minor child must be brought and prosecuted in the name of the commissioner of public charities, the obligee in the undertaking, as provided by section 688 of said charter.

A judgment entered and docketed upon such an undertaking under section 595 of the Code of Criminal Procedure in favor of the people is absolutely void and will be vacated and set aside.

The court is without power to amend the judgment by substituting the name of the commissioner of public charities as plaintiff.

MOTION to vacate and set aside a judgment entered upon a forfeited undertaking.

Nathan Kelmenson, for motion.

John F. Clarke, district attorney (Peter P. Smith, assistant, of counsel), opposed.

NIEMANN, J. This is an application made by the defendants for an order vacating and setting aside a judgment in favor of the people of the State of New York against Jacob Horowitz and David Gaurilewich, for the sum of $500, entered on the 29th day of November, 1911, in the office of the clerk of the county of Kings. Said judgment was entered at the request of the district attorney of Kings county, under the provisions of section 595 of the Code of Criminal Procedure, which provides that " all recognizances given to answer to a charge preferred, or for good behavior, or to appear and testify in all cases cognizable before any court of criminal jurisdiction, on being forfeited, shall be filed by the district attorney, together with a certified copy of the order of the court forfeiting the same, in the office of the clerk of the said county of Kings or Erie as the case may be, and thereupon the said clerk shall docket the same in the book kept by him for docketing of judgments, transcripts whereof are filed with him as such clerk, as if the same was the transcript of a judgment record for the amount of the penalty, and the recognizance, and the certified copy of the order forfeiting the recognizance, shall be the judgment record."

The defendant Jacob Horowitz was charged in the Do-

mestic Relations Court, second division, in the borough of Brooklyn, with being a disorderly person, in having abandoned his wife and failed to support his minor child; and, after having appeared before the magistrate, examination of said charge and the hearing thereof was adjourned and the defendants Horowitz and Gaurilewich, as principal and surety, made and executed an undertaking, on the 16th day of November, 1908, conditioned for the appearance of said defendant during the examination and providing that, in case of failure to perform the conditions of said undertaking, they would pay to the commissioner of charities of the city of New York the sum of $500. On the 29th day of November, 1911, the day set for the examination, said defendant failed to appear and answer said charge, pursuant to the condition of said undertaking, and an order and certificate was made by said magistrate that said undertaking be forfeited; and thereupon the district attorney of Kings county, on December 2, 1911, filed in the office of said county clerk said undertaking and certificate of forfeiture, with a request in writing to the said county clerk to docket, in the name of the people of the State of New York against said principal and surety as defendants, judgment against said principal and surety for the sum of $500, in accordance with the provisions of said section 595 of the Code of Criminal Procedure; and said judgment was so entered and docketed.

Section 686 of the Greater New York charter provides as follows: "Any person convicted of any of the offenses hereinbefore recited shall, upon being served with such order, enter into a bond to the people of the state in such sum as such city magistrate shall direct, with good and sufficient surety to be approved by the said city magistrate, that such person shall pay weekly for the space of one year such sum for the support of his wife and children or either or any of them as has been ordered as aforesaid, to the commissioner of public charities."

Section 687 of said charter, as amended by chapter 357 of the Laws of 1908, provides as follows: "If the person charged with the offenses hereinbefore recited or either of them is admitted to bail, the undertaking of his

bail shall be for the future appearance of the defendant according to the terms of the undertaking, or that the bail will pay to the commissioner a specified sum in the event of such failure to appear or if such person deposits a sum of money as directed by law instead of giving an undertaking of bail for his future appearance, and if such person shall thereafter fail to appear in accordance with the terms of said undertaking or the terms upon which the money was deposited, then the said magistrate shall enter the fact of said person's nonappearance upon the minutes and the undertaking of his bail or money deposited instead of bail shall thereupon be forfeited."

It is then provided by section 688 that: " When such a bail bond or undertaking is forfeited, an action may be brought in the name of the commissioner of public charities to recover the amount specified in such bail bond or undertaking in which the measure of damages shall be the full amount mentioned in said undertaking and the amount recovered in said action shall be applied and expended for the support of the wife and children, or either or any of them, of the person charged with the offenses hereinbefore recited or either or any of such offenses."

It will thus be seen that the commissioner of charities, as obligee in the undertaking in question, has the right to recover thereon by action brought and prosecuted by and in his name.

The district attorney asks that the judgment entered herein in favor of the people of the State of New York be amended by substituting the name of the commissioner of charities in place of the name of the people. The court has no power to amend a judgment by substituting an entirely different party. The obligee in the undertaking is the commissioner of charities of the city of New York. The judgment entered thereon in favor of the people of the State of New York is contrary to the express terms of said undertaking. The judgment entered herein is not merely irregular, but absolutely void. It follows, therefore, that the said judgment must be vacated and set aside.

Motion granted.